UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY GLENN PRESNELL,<br><br>　　Plaintiff,<br><br>　v.<br><br>COTTRELL, INC., PARKER HANNIFIN<br>CORPORATION, UNITED ROAD SERVICES, INC., and<br>UNKNOWN HOSE AND COMPONENT<br>DISTRIBUTORS/MANUFACTURERS,<br><br>　　Defendants. | Case No. 09-cv-1024-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendant United Road Services, Inc. ("United") to transfer this case to the United States District Court for the Eastern District of Tennessee or, in the alternative, to the United States District Court for the Middle District of North Carolina (Doc. 40). Defendants Parker Hannifin Corporation (Doc. 52) and Cottrell, Inc. (Doc. 54) have joined in the motion. Plaintiff Larry Glenn Presnell has responded to the motion agreeing that the case should be transferred but asking that it be transferred to the United States District Court for the Northern District of Georgia or, in the alternative, "to a Court in Tennessee of plaintiff's choice" (Doc. 55). United has filed a reply to Presnell's response (Doc. 60).

**I.　Background**

Plaintiff Larry Glenn Presnell was an over-the-road truck driver employed by URS Midwest, Inc., a wholly owned subsidiary of United. On June 22, 2009, he was delivering vehicles at Greensboro Auto Auction in Greensboro, North Carolina. In the process of making the delivery, he allegedly slipped on hydraulic fluid that had leaked from a hose, fell and twisted his knee while maneuvering on the upper deck of a car-hauler rig and was injured. There were

no eyewitnesses to the alleged accident.  Presnell attempted to get medical treatment at a local emergency room but could not since there was no place to park his tractor-trailer rig.  He drove back to Tennessee, where he was treated in the emergency room at a Johnson City, Tennessee, hospital.  Greensboro is in the Middle District of North Carolina.

When Presnell returned to his home in Gray, Tennessee, he continued to receive treatment for his injuries from at least three other medical providers, all located in or around Johnson City, Tennessee.  Gray and Johnson City are within the Eastern District of Tennessee.  At the time of Presnell's alleged fall, his employment with URS Midwest, Inc. was based in Spring Hill, Tennessee, although that terminal has since closed.[1]

Presnell filed suit in the Circuit Court for the Twentieth Judicial Circuit in St. Clair County, Illinois, to recover for his injuries.  He alleges that Cottrell and United designed, tested, manufactured and/or altered the car-hauler rig at issue in this case and that Parker Hannifin designed, manufactured and tested the hose that leaked the hydraulic fluid on which he slipped.  Presnell alleges that the defendants are liable for his injuries under multiple state law theories.  Cottrell removed the case to federal court under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a).

United now asks the Court to transfer this case to the United States District Court for the Eastern District of Tennessee or, in the alternative, to the United States District Court for the Middle District of North Carolina.  Presnell agrees that the case should be transferred, but to the United States District Court for the Northern District of Georgia, where Cottrell's engineers and other witnesses and some of Parker Hannifin's witnesses are located, or, in the alternative, "to a

---

[1] It is not entirely clear in which district Spring Hill lies.  A Mapquest search reveals that there are seven Spring Hills in Tennessee.

Court in Tennessee of plaintiff's choice." United is a citizen of Delaware and Michigan, Cottrell is a citizen of Georgia, Parker Hannifin is a citizen of Ohio, and Presnell is a citizen of Tennessee.

## II.     Transfer Standards

United does not contest that venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391 and therefore does not seek a change of venue pursuant to 28 U.S.C. § 1406, which governs transfer or dismissal when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964). Instead, United relies exclusively on 28 U.S.C. § 1404(a), under which a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen*, 376 U.S. at 622; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the complaint, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Courts frequently consider specific factors such as the plaintiff's choice of forum, the

3

location of the relevant events, documents and evidence, the convenience to the witnesses and parties, the relation of the controversy to the forum, the court's familiarity with the applicable law and the speed with which a case can be tried. *Methode Elecs., Inc. v. Delphi Auto. Sys. LLC*, 639 F. Supp. 2d 903, 907 (N.D. Ill. 2009). Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including where the litigants are more likely to receive a speedy trial. *Coffey*, 796 F.2d at 221.

## III. Analysis

In light of Presnell's concession that the case should not be tried in Illinois, the Court finds that transfer is appropriate. Indeed, there are no substantial connections between Illinois and this controversy, and trying the case in any of the three districts contemplated by the parties would be clearly more convenient than trying the case in the Southern District of Illinois. Furthermore, the interests of justice strongly weigh against trying this case in a district that has no colorable interest in the controversy.

That leaves the question of the proper forum to which this case should be transferred. Venue appears to be proper and jurisdiction appears to exist over all defendants in the Eastern District of Tennessee, the Middle District of North Carolina and the Northern District of Georgia. In answering the venue question, the Court looks to the same factors used to answer the threshold question of whether transfer is proper. In light of the particular circumstances of this case, the Court finds that United has met its burden of showing that the Eastern District of Tennessee is the most convenient of the three districts the parties contemplate and that a transfer

4

of venue to that district is not contrary to the interest of justice.

A.      Plaintiff's Chosen Forum

Ordinarily the Court should give this factor substantial weight and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). However, the importance of the plaintiff's choice of forum is reduced when the plaintiff does not live in the forum, few relevant events occurred in the forum and other factors weigh heavily in favor of a transfer. That is the situation in this case. Additionally, the plaintiff's choice is rendered moot by his agreement that a transfer is appropriate in light of the absence of connections between Illinois and this case.

The Court gives the plaintiff's request for a transfer to Georgia, Cottrell's principal place of business, little weight. If that venues is proper, Presnell could have but did not choose to file this case there to begin with. However, Presnell's alternative request for a transfer "to a Court in Tennessee of plaintiff's choice," although vague and unsupported by any argument, is not inconsistent with United's request for a transfer to the Eastern District of Tennessee.

B.      Convenience to the Witnesses

All of the non-party witnesses reside in the Eastern District of Tennessee. Trial in the Eastern District of Tennessee would clearly be more convenient for them.

The Court now turns to the parties themselves. It is logical that trial in the Eastern District of Tennessee would be most convenient for Presnell. However, by his originally filing this case in St. Clair County, Illinois, Presnell has demonstrated a willingness and ability to travel a substantial distance from his home – more than 550 miles – to litigate this case. He now requests a trial in Gainesville, Georgia, more than 200 miles from his home. Clearly, travel is no obstacle to Presnell. The Court, therefore, does not give his convenience much weight.

United's and URS Midwest, Inc.'s witnesses with knowledge about Presnell's employment are concentrated in Michigan, where both companies have their principal places of business, although one witness with knowledge about the Spring Hill, Tennessee, terminal still resides in Tennessee. Any of the three possible districts is likely to be inconvenient for United.

Cottrell's witnesses involved in the design, testing and manufacturing of the car-hauler rig in question presumably reside in the Northern District of Georgia, Cottrell's principal place of business. However, by joining in United's motion to transfer and by failing to join Presnell's alternative proposal that the case be transferred to the Northern District of Georgia, Cottrell has expressed its preference for a transfer to either of the two venues suggested by United. Therefore, the Court gives little weight to the convenience of a Georgia forum to Cottrell's witnesses.

Parker Hannifin, based in Ohio, has a sales and manufacturing facilities in Georgia. In fact, several Parker Hannifin witnesses have been deposed in Georgia in connection with other litigation. Nevertheless, as with Cottrell, Parker Hannifin has requested a transfer to the Eastern District of Tennessee or the Middle District of North Carolina. Thus, the Court gives little weight to the convenience to Parker Hannifin's witnesses.

On balance, the Eastern District of Tennessee is clearly more convenient to the witnesses in this case than the Middle District of North Carolina or the Northern District of Georgia.

As for the location of the documentary evidence, considering the pervasive use and availability of electronic records and methods of transmission, this factor weighs in favor of none of the districts.

C.      Interest of Justice

The interest of justice favors trying this case in the Middle District of North Carolina.

The efficient and speedy administration factor favors no district. The Judicial Caseload Profile Report of the Federal Court Management Statistics show that while the Northern District of Georgia on average *disposes* of civil cases more quickly than the Eastern District of Tennessee or the Middle District of North Carolina, it *tries* cases more slowly than the Eastern District of Tennessee. The Middle District of North Carolina has no recent statistics for average length of time from filing to trial. However, the Court is wary of placing too much emphasis on these statistics. The length of time to dispose of a case often varies between districts depending on the nature of the cases on the district's docket, and medians and averages do not necessarily shed light on how long it will take a particular case to be resolved. Furthermore, the medians and averages tend to vary from year to year.

The United States District Court for the Middle District of North Carolina has a strong interest in resolving cases involving injuries that occur in that district. It is also more likely to be adept at applying North Carolina substantive law, which is likely to be applicable in this case since North Carolina was the site of the alleged injury.

In sum, the interests of justice weigh slightly in favor of a transfer to the Middle District of North Carolina simply because the incident occurred there and North Carolina federal courts are more likely familiar with North Carolina law. However, in light of the plaintiff's and many witnesses' connection to the Eastern District of Tennessee, the interests of justice do not conflict with hearing this case in that forum.

Considering all of the relevant factors, paying special attention to the convenience to the non-party witnesses, the Court believes the Eastern District of Tennessee, Presnell's home forum and one for which he has made an oblique request, is the most appropriate forum for this case.

**IV.     Conclusion**

For these reasons, the Court finds that the convenience of the witnesses and the parties and the interest of justice favor litigating this action in the Eastern District of Tennessee. Accordingly, the Court **GRANTS** United's motion to transfer (Doc. 40) and **TRANSFERS** this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Tennessee.

**IT IS SO ORDERED.**
**DATED:  April 28, 2010**

>                          s/ J. Phil Gilbert
>                          **J. PHIL GILBERT**
>                          **DISTRICT JUDGE**